**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA L. JOHNSON,                                  ) | NO. CV 05-914-E |
|                                         ) | |
|                    Plaintiff,           ) | |
|                                         ) | |
|         v.                              ) | **MEMORANDUM OPINION** |
|                                         ) | |
| JO ANNE B. BARNHART, COMMISSIONER        ) | |
| OF SOCIAL SECURITY ADMINISTRATION,       ) | |
|                                         ) | |
|                    Defendant.           ) | |
| _____) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on February 8, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 15, 2005.

Plaintiff filed a motion for summary judgment on July 15, 2005. Defendant filed a cross-motion for summary judgment on August 11, 2005. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed February 11, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based primarily on alleged pain (Administrative Record ("A.R.") 39-44). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 12-17, 33-141).

The ALJ found Plaintiff has severe degenerative disc disease of the lumbar spine, but retains the residual functional capacity to perform medium work (A.R. 16). The ALJ found not credible Plaintiff's testimony regarding "excess" pain. Id. The Appeals Council denied review (A.R. 3-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987)

1  (citation and quotations omitted).  However, the Court cannot disturb
2  findings supported by substantial evidence, even though there may
3  exist other evidence supporting Plaintiff's claim.  See Torske v.
4  Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S.
5  933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

Plaintiff argues the ALJ erred in finding not credible Plaintiff's testimony regarding excess pain.  Plaintiff has failed to demonstrate any material error.  An ALJ's assessment of a claimant's credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Varney v. Secretary of Health and Human Serv., 846 F.2d 581, 584 (9th Cir. 1988); see also Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir.

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

1  1996).[2]  The ALJ stated sufficient reasons for finding Plaintiff's
2  testimony not credible.

4       The ALJ correctly stated that the objective medical evidence
5  did not support Plaintiff's allegations of completely disabling pain
6  (A.R. 13-15, 79-141).  Although a claimant's credibility "cannot be
7  rejected on the sole ground that it is not fully corroborated by
8  objective medical evidence, the medical evidence is still a relevant
9  factor . . ."  Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir.
10 2001).  As the discussion below demonstrates, the ALJ did not reject
11 Plaintiff's testimony on the "sole" ground of a lack of corroborative
12 medical evidence.

14      The ALJ emphasized that certain treatment records "show that
15 only Tylenol #3 and back exercises were prescribed for the claimant's
16 back complaints" (A.R. 13).  "Surely, if the claimant had truly
17 disabling back pain symptoms, her treating sources would have
18 prescribed more potent pain medication than Tylenol" (A.R. 15).  A
19 conservative course of treatment may discredit a claimant's
20 allegations of disabling symptoms.  See Johnson v. Shalala, 60 F.3d
21 1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a
22 lower level of both pain and functional limitation, justifying
23 adverse credibility determination); Meanel v. Apfel, 172 F.3d 1111,

---

[2] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the seemingly more rigorous "clear and convincing" standard.  See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so any distinction between the two standards is academic.

1114 (9th Cir. 1999) (allegation of excess pain inconsistent with conservative treatment).[3]

Similarly, the ALJ noted that Plaintiff had not sought treatment for her alleged pain regularly (A.R. 14-15). The failure to seek regular medical treatment can justify an adverse credibility determination. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989).

Additionally, the ALJ correctly noted that, in addition to complaints regarding back pain, Plaintiff complained of pain in other areas of her body, including her shoulders, legs and neck (A.R. 13, 41, 79, 117). Although Plaintiff proved the existence of a condition with which some back pain may be associated, she wholly failed to prove the existence of any condition with which her other claimed pains are associated. This failure suggests Plaintiff is exaggerating her pain. See Madrigal v. Sullivan, 777 F. Supp. 1503, 1507 (N.D. Cal. 1991) (claimant's complaints of excess pain properly disregarded where complaints found to be exaggerated).

///
///
///
///

**CONCLUSION**

---

[3] Plaintiff evidently also took Vioxx in the past. Plaintiff inconsistently described the alleged side effects of Vioxx that apparently caused her to stop taking the drug. Compare (A.R. 79 ("irritates my stomach") with (A.R. 40 ("make my heart just beating irregular or something")).

1   For all of the foregoing reasons, Plaintiff's motion for
2   summary judgment is denied and Defendant's motion for summary
3   judgment is granted.
4
5   LET JUDGMENT BE ENTERED ACCORDINGLY.
6
7   DATED:  August 15, 2005.
8
9
10                                  _____/S/_____
                                         CHARLES F. EICK
11                                  UNITED STATES MAGISTRATE JUDGE